IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-01184-M |
| | § | |
| JOHN SANCHEZ, JR., MAVIN J. | § | |
| TYLER, and CITY OF DALLAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Judgment on the Pleadings filed by the City of Dallas [Docket Entry #25]. In his Response to the City's Motion, Plaintiff seeks leave of Court to amend his Original Petition, which the Court treats as a Motion for Leave to Amend. For the reasons set forth below, the Court **DENIES** Plaintiff leave to amend and **GRANTS** the City's Motion for Judgment on the Pleadings.

I. BACKGROUND AND PROCEDURAL HISTORY

On April 23, 2007, Plaintiff Jacob Barnes ("Plaintiff") filed his Original Petition against Defendants John Sanchez, Jr. ("Sanchez"), Mavin J. Tyler ("Tyler"), and the City of Dallas ("City") in the 14th Judicial District Court of Dallas County. He claimed that on April 24, 2005, Defendants Sanchez and Tyler unlawfully detained and arrested him. On June 29, 2007, this case was removed to this Court. In receipt of Sanchez's active military duty orders, the Court abated this lawsuit on March 25, 2008, until Sanchez was released from active duty. Having been notified that Sanchez was released from active duty, the Court lifted the stay on February 1, 2010, and entered a Scheduling Order on May 6, 2010, setting a deadline of June 11, 2010, for the parties to file any amended pleadings.

On July 16, 2010, the City filed its Motion for Judgment on the Pleadings. On August 6, 2010, Plaintiff filed his Response to the City's Motion, and sought leave to amend.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND HIS COMPLAINT

### A. Standard

When, as here, a party moves for leave to amend his pleadings after a deadline set in a scheduling order, the standard in Federal Rule of Civil Procedure 16(b) governs, rather than the more lenient amendment standard of Rule 15(a).[1] Under Rule 16(b), the movant must demonstrate "good cause" to modify a scheduling order before the court will consider a matter filed late.[2] To establish "good cause," the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[3] The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate "good cause."[4]

This Court is to consider four factors when determining whether to exercise its discretion to deviate from an amendment deadline set out in the scheduling order: (1) the movant's explanation for the failure to comply, (2) the importance of the proposed amendment, (3) potential prejudice to the other party from allowance of the amendment, and (4) the availability of a continuance to cure any prejudice.[5]

---

[1] *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[2] *Id. See also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
[3] *S&W Enters.*, 315 F.3d at 535.
[4] *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, No. 3:07-CV-1816-D, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009). *See also Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).
[5] *S&W Enters.*, 315 F.3d at 536.

B. Analysis

   1. Movant's Explanation

Here, Plaintiff has not established good cause for a modification of the Court's Scheduling Order. Plaintiff's only stated reason for not timely amending his Original Petition is that the City of Dallas "neither formally [nor] informally requested an amendment, more definite statement, or motion for a 7(a) reply."[6] Plaintiff does not explain why he did not amend when this case was first removed to federal court, or at any time before the amendment deadline. Plaintiff had four months from the time the stay was lifted to amend his Original Petition, and Plaintiff is charged with knowledge of what the law requires him to plead. Plaintiff's explanation is wholly inadequate and is "tantamount to no explanation at all."[7]

   2. Importance of Amendment

Without amendment, Plaintiff states no claims against the City and risks dismissal of those claims for failure to state a claim for relief. Nevertheless, the inability to amend does not foreclose Plaintiff's claims against the remaining Defendants. Therefore, this factor neither weighs for or against Plaintiff.

   3. Prejudice to Nonmovant

Plaintiff also seeks by his amendment to add a new theory of liability against the City, alleging that the City ratified the conduct of the officers and also failed properly to instruct or supervise them.[8] Prejudice to the City in allowing the amendment weighs against Plaintiff, because at this late date, the City would need to undertake additional discovery to defend these

---

[6] Pl.'s Resp. to Def. City of Dallas's 12(c) Mot. for J. on the Pleadings, ECF No. 26, at 1.
[7] *S&W Enters.*, 315 F.3d at 536.
[8] *See* Pl.'s Resp. to Def. City of Dallas's 12(c) Mot. for J. on the Pleadings, Attach., ECF No. 26, at 4–5.

new claims.[9] This would require the Court to reopen discovery, ultimately resulting in further delays and continuances.

### 4. Availability of Continuance

If the Court allowed a continuance, this action would be further delayed. Moreover, granting a continuance would not deter future careless behavior nor serve to enforce this Court's Scheduling Order.[10] The Court finds such delay not warranted by the circumstances of this case.

Having set out the factors, the Court concludes that amendment should not be permitted. Plaintiff's lack of diligence in timely amending his pleading is paramount.[11] Plaintiff is, in fact, aware of the federal pleading standards in *Twombly* and *Iqbal*,[12] which are referenced in Plaintiff's Response. Based on the untimeliness of Plaintiff's Motion for Leave to Amend and the undue and unnecessary prejudice and delay it would cause the City, the Court finds substantial reason to deny Plaintiff leave to file his proposed amended complaint. The Court thus proceeds to the City's Motion for Judgment on the Pleadings.

## III. CITY'S MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standard

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial.[13] A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[14] The

---

[9] *Palomino v. Miller*, No. 3:06-CV-0932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) (Lynn, J.); *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-CV-2392-G, 2005 WL 2124126, at *9 (N.D. Tex. Sept. 1, 2005).
[10] *Geiserman*, 893 F.2d at 792.
[11] *Palomino*, 2007 WL 1650417, at *2.
[12] *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level.").
[13] Fed. R. Civ. P. 12(c).
[14] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).

standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss.[15] In ruling on a Rule 12(c) motion, although the court must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[16] The issue before the Court is whether, taken in the light most favorable to Plaintiff, the Original Petition states a valid claim for relief.[17]

**B. Analysis**

The City moves for dismissal of Plaintiff's claims under Rule 12(c) on the grounds that Plaintiff failed to plead any allegations against the City and therefore failed to state a claim for relief against the City. In his Response, Plaintiff claims the City "employs a policy, practice, or custom that permitted the Defendant Officers to violate Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights," and that the City ratified Sanchez and Tyler's conduct by "consciously failing to investigate the officers' false statements." *None* of these claims, however, are in Plaintiff's Original Petition, which is Plaintiff's live pleading. In fact, Plaintiff never mentions the City in his Original Petition, other than listing it as a party.[18] Because this Court has denied Plaintiff leave to file an amended complaint and because in his Original Petition Plaintiff asserts no claim against the City, the Petition does not provide a basis for the Plaintiff's claims against the City that would entitle him to relief.

IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint is **DENIED** and the City's Motion for Judgment on the Pleadings is **GRANTED**. The case having

---

[15] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).
[16] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).
[17] *Doe*, 528 F.3d at 418.
[18] Pl.'s Original Pet., ECF No. 2, at 1.

pended for more than three years, the Court determines that Plaintiff's claims against the City should be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

December 2, 2010.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**