IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-01184-M |
| | § | |
| JOHN SANCHEZ, JR., and MAVIN J. TYLER, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Partial Judgment on the Pleadings [Docket Entry #29]. For the reasons stated below, the Court GRANTS the Motion for Partial Judgment on the Pleadings.

I. BACKGROUND AND PROCEDURAL HISTORY

Barnes claims that on April 24, 2005, he and his girlfriend attended a musical event in Dallas. After leaving the venue allegedly to retrieve items from their car, Barnes and his companion attempted to reenter the facility, but were denied entry at one gate. They attempted to reenter at another gate and an altercation occurred, after which Barnes claims he was unlawfully arrested by Defendants John Sanchez, Jr. ("Sanchez") and Mavin J. Tyler ("Tyler"), Dallas police officers. Barnes alleges they also used excessive force by grabbing Barnes's wrist, twisting his arm behind his back, pushing his face to the concrete pavement, and kicking and/or kneeing his ribs, causing a variety of physical injuries, including a hematoma, pulled muscles, bruises, contusions and abrasions, as well as emotional injuries.

After handcuffing Barnes, the officers patted Barnes down for weapons and put him in the back of a squad car. When he arrived at the jail, Barnes claims he had blood dripping down

his face, but he was denied medical care. Barnes further alleges that at one or more unspecified points during his prosecution, Sanchez perjured himself in an attempt to convict Barnes of a crime. Barnes was acquitted.

On April 23, 2007, Barnes filed his Original Petition in state court against Sanchez, Tyler, and the City of Dallas. He alleged violations of his Fourth, Eighth, and Fourteenth Amendment rights. On June 29, 2007, the case was removed to this Court. On July 16, 2010, the City of Dallas filed a Motion for Judgment on the Pleadings, and Barnes requested leave to amend his Original Petition. The Court denied that request and then granted the City of Dallas's Motion for Judgment on the Pleadings [Docket Entry #34]. On October 26, 2010, Sanchez and Tyler filed their Motion for Partial Judgment on the Pleadings seeking judgment on the Eighth and Fourteenth Amendment claims and, in part, on Barnes's claim under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial.[1] A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[2] The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss.[3] In ruling on a Rule 12(c) motion, although the court must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on

---

[1] Fed. R. Civ. P. 12(c).
[2] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).
[3] *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

its face."[4] The issue before the Court is whether, taken in the light most favorable to Plaintiff, the Original Petition states a valid claim for relief.[5]

III. ANALYSIS

A. Eighth Amendment

Barnes asserts a claim for a violation of the Eighth Amendment; however, the facts alleged fail to state a cause of action for violation of his Eighth Amendment rights. The protections of the Eighth Amendment only apply to convicted persons.[6] Barnes was not convicted of any crime, and he does not challenge this legal deficiency in his Response to Sanchez and Tyler's Motion. Even if a conviction were not required, Barnes makes no claim in his Original Petition regarding the conditions of his preacquittal confinement. Therefore, Barnes's Eighth Amendment claim is **DISMISSED** with prejudice.

B. Fourteenth Amendment

Barnes claims he was denied medical care when he arrived at the jail. The constitutional right of a pretrial detainee to medical care arises from the due process guarantees of the Fourteenth Amendment.[7] That right is violated if a state official acts with deliberate indifference to a substantial risk of serious medical harm and injuries resulted from that indifference.[8] To state a claim of deliberate indifference, a pretrial detainee must allege facts showing that a state official knew of, and disregarded, an excessive risk to his health or safety.[9]

---

[4] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).
[5] *Doe*, 528 F.3d at 418.
[6] *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (dismissing Eighth Amendment claim because "[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees"). The rights of pretrial detainees derive from the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).
[7] *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003).
[8] *Id.*
[9] *Gibbs v. Grimmette*, 254 F.3d at 549.

Here, Barnes asserts that when he arrived at the jail, "he was booked with blood dripping down his face and was denied medical care." Barnes has not alleged, however, that Defendants were personally involved in booking Barnes, had knowledge of this incident when it occurred, or had knowledge of, and disregarded, an excessive risk to his health or safety. Further, in his Response, Barnes provides no information demonstrating a substantial risk to his health or safety.

Barnes's allegation of perjured testimony by Sanchez similarly does not state a claim upon which relief can be granted because police officers are absolutely immune from liability based on their trial testimony and adversarial pretrial testimony.[10] Therefore, Barnes's Fourteenth Amendment claim is **DISMISSED** with prejudice.

**C. Section 1983**

Barnes alleges a claim for "violation of 42 U.S.C. § 1983." Defendants argue that Barnes's § 1983 claim should be dismissed because § 1983 does not provide any substantive rights, separate and apart from the violation of other federal constitutional or statutory rights. That position is correct.[11] Therefore, to the extent Barnes purports to assert a substantive claim under § 1983, alone, separate and apart from the alleged violation of his Fourth Amendment rights, which remains in the case, Defendants' Motion is **GRANTED**.

---

[10] *Briscoe v. LaHue*, 460 U.S. 325 (1983) (holding all witnesses, including police officers, are absolutely immune from civil liability under 42 U.S.C. § 1983 based on their testimony in judicial proceedings). *See also Enlow v. Tishomingo County, Miss.*, 962 F.2d 501, 511 (5th Cir. 1992) ("Witnesses, including police officers, are also shielded by absolute immunity from liability for their allegedly perjurious testimony.") (citing *Briscoe*). Barnes does not allege when Sanchez perjured himself, but merely states that Sanchez gave "perjured testimony in an attempt to convict Barnes." Nonetheless, the Fifth Circuit has held that absolute immunity applies with equal force in both trial and adversarial pretrial proceedings. *Moore v. McDonald*, 30 F.3d 616, 619 (5th Cir. 1994).

[11] *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (Section 1983 "confers no substantive rights.").

IV. CONCLUSION

For the reasons stated above, Plaintiff's Eighth and Fourteenth Amendment claims are **DISMISSED** with prejudice. Only Plaintiff's claim under 42 U.S.C. § 1983 for violations of the Fourth Amendment survives.

**SO ORDERED.**

January 10, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS