IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACOB BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-01184-M |
| | § | |
| JOHN SANCHEZ, JR., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Attorney's Fees [Docket Entry #69]. The Motion is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

On April 23, 2007, Plaintiff Jacob Barnes ("Plaintiff") filed his Original Petition against Defendants John Sanchez, Jr. ("Sanchez"), Mavin J. Tyler ("Tyler"), and the City of Dallas ("City") in the 14th Judicial District Court of Dallas County. He claimed that on April 24, 2005, Sanchez and Tyler unlawfully detained and arrested him. Specifically, Plaintiff alleged Defendants deprived him of his Fourth, Eighth, and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. On June 29, 2007, this case was removed to this Court.

**A. Claims Against the City**

On July 16, 2010, the City filed its Motion for Judgment on the Pleadings. On August 6, 2010, Plaintiff filed his Response to the City's Motion, and sought leave to amend his Complaint. On December 2, 2010, the Court denied Plaintiff leave to amend, holding that Plaintiff had not demonstrated good cause to allow the amendment after the deadline set in the Scheduling Order to amend pleadings, and granted the City's Motion because Plaintiff failed to

plead any allegation against the City and therefore failed to state a claim for relief against the City. The Court dismissed all claims against the City with prejudice.

### B. Claims Against Sanchez and Tyler

On October 26, 2010, Sanchez and Tyler filed their Motion for Partial Judgment on the Pleadings, seeking judgment on the Plaintiff's Eighth and Fourteenth Amendment claims and on Barnes's claim of a substantive violation of 42 U.S.C. § 1983. On January 10, 2011, the Court granted the Motion, dismissing with prejudice Plaintiff's Eighth Amendment claim because its protections apply only to convicted persons, and Barnes was not convicted of any crime; Plaintiff's Fourteenth Amendment claim relating to his right to medical care while detained because Plaintiff did not allege that Defendants were involved in Plaintiff's medical care or had knowledge of, and disregarded, an excessive risk to his health or safety; and Plaintiff's claim of a substantive violation of § 1983, because it does not provide any substantive rights, separate and apart from the violation of other federal constitutional or statutory rights. What survived was Plaintiff's Fourth Amendment claim asserted under § 1983.

### C. Trial

On March 7, 2011, a three-day jury trial began on Plaintiff's surviving claim against Sanchez and Tyler. On March 8, 2011, Barnes testified that his reason for bringing suit against Tyler was so that Tyler would testify and tell the jury what happened. Before the Court charged the jury, Tyler moved for judgment as a matter of law, and Plaintiff dismissed his claims against Tyler.

On March 9, 2011, the Court charged the jury on Plaintiff's Fourth Amendment claim against Sanchez. The same day, the jury returned its verdict, finding that Sanchez did not violate

Plaintiff's Fourth Amendment rights. On March 10, 2011, the Court entered Judgment pursuant to the jury verdict, dismissing Plaintiff's claims with prejudice.

Now Sanchez, Tyler, and the City move for attorney's fees.

## II. STANDARD

In an action under § 1983, a court has discretion to award reasonable attorney's fees to the prevailing party.[1] A defendant is not a prevailing party when a civil rights plaintiff voluntarily dismisses his claim, unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits.[2] A prevailing defendant is entitled to attorney's fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless.[3] When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial.[4] Further, the Court may not consider Plaintiff's indigency in deciding whether to award attorney's fees, but may take it into account when setting the amount.[5]

## III. ANALYSIS

### A. Claims Against the City

Plaintiff's Complaint contained no substantive allegations against the City. Plaintiff failed to state a *prima facie* case of any § 1983 claim against the City, the parties did not engage in settlement discussions until after the Court dismissed the claims against the City, and the claims against the City were dismissed without trial. Plaintiff's claims against the City were groundless. The City is entitled to recover reasonable and necessary attorney's fees for obtaining

---

[1] 42 U.S.C. § 1988. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–792 (1989) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)) (internal quotations omitted).
[2] *Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001).
[3] *Myers v. City of West Monrow*, 211 F.3d 289, 292 (5th Cir. 2000).
[4] *Id.* (citing *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)).
[5] *Alizadeh v. Safeway Stores, Inc.*, 910 F.2d 234, 238–39 n.7 (5th Cir. 1990); *DeLeon v. City of Haltom City*, 113 Fed. App'x 577, 579 (5th Cir. 2004).

dismissal of the claims against it. The Court finds 13.75 hours, at a rate of $250 per hour, to be reasonable and necessary.

### B. Section 1983 & Eighth & Fourteenth Amendment Claims

These claims were wholly without merit.[6] The Court dismissed these claims before the City made a settlement offer and before trial. Plaintiff's Eighth and Fourteenth Amendment and § 1983 claims were frivolous and legally groundless.[7] The Court finds 14.15 hours, at a rate of $250 per hour, reasonable and necessary in defending those claims.[8]

### C. Fourth Amendment Claim Against Tyler

Barnes acknowledged in a sworn statement[9] and during trial that Tyler was not culpable, yet Barnes pursued his Fourth Amendment claim against Tyler to trial. While Barnes dismissed his claim against Tyler during trial, such dismissal was after the close of Barnes's evidence and after Tyler moved for dismissal under Rule 50(a), which the Court would have granted. To deny fees under these circumstances would defeat the purpose of protecting defendants from burdensome litigation with no legal or factual basis.[10] Plaintiff's Fourth Amendment claim against Tyler was groundless, and Tyler is entitled to attorney's fees associated with defending his claim. The Court finds 6.25 hours, at $250 per hour, reasonable and necessary.

---

[6] *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (dismissing Eighth Amendment claim because "[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees"); *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003); *Southwestern Bell Telephone, LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (Section 1983 "confers no substantive rights.").
[7] *Fox v. Vice*, 594 F.3d 423, 427–28 (5th Cir. 2010) (plaintiff's claims are "groundless because the offenses *as alleged in his Complaint* have no redress in the Constitution or laws of the United States") (emphasis in the original).
[8] Sanchez and Tyler state that because the City's attorney represented them, any fees awarded to them should be payable to the City.
[9] *See* Plaintiff's Tr. Exh. 6, at 3 ("Officer Tyler . . . is everything I would expect from a police officer, he was only along for the ride in my eyes.").
[10] *Fox v. Vice*, 594 F.3d at 427–28.

### D. Preparing Motion for Attorney's Fees

Although § 1988 permits recovery for time spent preparing a motion for attorney's fees as a part of the fee award in civil rights cases,[11] the Court exercises its discretion to deny Defendants' request for such fee award.

### E. Plaintiff's Financial Condition

A court may consider the financial condition of a nonprevailing plaintiff from whom attorney's fees are sought under § 1988.[12] Plaintiff states he is a recent college graduate with student loans, unemployed, and financially responsible for his seven-year old son. Although the Court finds that Defendants were the prevailing parties, Plaintiff's financial situation causes the Court to limit the attorney's fees it will award to $5,000.

## IV. CONCLUSION

For the reasons stated above, the Motion for Attorney's Fees is **GRANTED** in part. Defendants are awarded attorney's fees in the amount of $5,000, to be recovered from Plaintiff.

**SO ORDERED.**

May 10, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
**NORTHERN DISTRICT OF TEXAS**

---

[11] *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979) ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim.").
[12] *Alizadeh*, 910 F.2d at 239.